is prima facie evidence of negligence, I still think that upon all the evidence defendant has shown full execution of a bailee's duty to exercise reasonable care to redeliver to the bailor.

---

(51 Misc. Rep. 333.)

In re NEW YORK, W. & B. RY. CO.

(Supreme Court, Special Term, New York County. August 27, 1906.)

EMINENT DOMAIN—POSSESSION PENDING PROCEEDINGS—VALUE OF PROPERTY —PAYMENT INTO COURT.

Code Civ. Proc. § 3380, declares that when an answer to a petition in condemnation proceedings has been interposed, and it appears that the public interests will be prejudiced by delay, the court may direct that the plaintiff be permitted to enter immediately on the real property to be taken, on depositing the sum stated in the answer as the value of the property, which sum shall be applied so far as necessary to the payment of the award and the costs of the proceedings, and the residue, if any, returned to the plaintiff, and if the petition is dismissed, and no award made, or the proceedings should be abandoned, the court shall direct that the money so deposited shall be applied to the payment of any damages which the defendant may have sustained by such entry and his costs and expenses, etc. *Held*, that where an answer in condemnation proceedings alleged that the value of the property sought to be taken was $129,342, and plaintiff claimed that such valuation was grossly excessive, the court had no jurisdiction to grant plaintiff's motion for immediate possession on depositing the sum of $21,422.50, which was alleged to be fair and ample to cover the value of the property.

[Ed. Note.—For cases in point, see vol. 18, Cent. Dig. Eminent Domain, §§ 505–507.]

Application by the New York, Westchester & Boston Railway Company to acquire title to lands held by James R. Roosevelt, Robert H. M. Ferguson, and Douglas Robinson, as trustees under the will of William Astor, deceased, and by the Salvation Army. On motion by petitioner to obtain immediate possession pending condemnation proceedings under Code Civ. Proc. § 3380. Motion denied.

J. Tredwell Richards, for plaintiff.

Carter, Ledyard & Milburn (John G. Milburn and Lewis Cass Ledyard), for defendants Roosevelt and others.

GIEGERICH, J. This is an application for leave to enter immediately into possession of certain real estate in the borough of the Bronx, for the acquisition of which condemnation proceedings are pending. The motion was argued on June 4th, but its submission to me was delayed until a few days ago, through the failure of the plaintiff's attorney, due to illness, to hand in his papers. The application is made under section 3380 of the Code of Civil Procedure, which provides:

"When an answer to the petition has been interposed, and it appears to the satisfaction of the court that the public interests will be prejudiced by delay, it may direct that the plaintiff be permitted to enter immediately upon the real property to be taken, and devote it temporarily to the public use specified in the petition upon depositing with the court the sum stated in the answer as the value of the property, and which sum shall be applied, so far as it may be necessary for that purpose, to the payment of the award

that may be made, and the costs and expenses of the proceeding, and the residue, if any, returned to the plaintiff, and in case the petition should be dismissed or no award should be made, or the proceedings should be abandoned by the plaintiff, the court shall direct that the money so deposited, so far as it may be necessary, shall be applied to the payment of any damages which the defendant may have sustained by such entry upon and use of his property, and his costs and expenses of the proceeding, such damages to be ascertained by the court, or a referee to be appointed for that purpose, and if the sum so deposited shall be insufficient to pay such damages, and all costs and expenses awarded to the defendant, judgment shall be awarded against the plaintiff for the deficiency, to be enforced and collected in the same manner as a judgment in the Supreme Court, and the possession of the property shall be restored to the defendant."

The answer of the defendants James R. Roosevelt, Robert H. M. Ferguson, and Douglas Robinson, as trustees under the last will and testament of William Astor, deceased, alleges that the value of the property sought to be taken is $129,342. The plaintiff claims that this valuation is arbitrary and grossly excessive, and in this motion asks permission to take possession of the property in question on depositing "a sum of money which shall be fair and ample to cover the value of said property," and claims that at the outside such value cannot be more than $21,422.50. Further consideration of the case has served only to confirm the view I entertained upon the argument, viz., that the court has no power to grant the motion. The language of the statute is plain, and requires the deposit of the sum stated in the answer as the value. It may be that by alleging too great a value the owner may impose upon the plaintiff corporation the burden of a heavy deposit, but it should be remembered that the section gives an extraordinary power—that of taking property summarily, against an owner's will, and without any proceedings to determine compensation. It might therefore reasonably be expected that the Legislature, under these circumstances, would protect the owner by extraordinary safeguards against the exercise of such power. The intent of the statute evidently is to provide abundant security for the owner, and to this end requires that his own appraisal of the worth of his property shall be taken for the time being and for the purposes of the section.

If the argument of the plaintiff be acceded to, and the court should set aside the owner's appraisal and attempt at this stage to fix a value, many difficulties would result. There would be two successive proceedings to ascertain value—this one now, and later the customary one before commissioners of appraisal. It is manifest that perplexing questions would arise for which the statute has made no provision and on which no light could be thrown by practice in analogous proceedings, because, so far as I can discover or have been advised, there are no analogous proceedings, but the situation presented would be without precedent. What would be the relations between the two proceedings? Would the commissioners of appraisal be limited in their award to the sum directed to be deposited by the court, or, if not, and they awarded a greater sum, could the owner recover the deficiency, and, if so, how? The statute provides, in the event that the petition is dismissed, or no award is made, or the proceedings are abandoned, for the recovery of the deficiency between the deposit and

the damages, costs, and expenses awarded to the owner, but it makes no provision for any deficiency between the deposit and the award. This omission must have been made on the theory that the deposit would always be the amount claimed by the owner, which would, of course, limit the amount recovered by the owner, just as would the amount demanded in a complaint. It is not an unprecedented thing to permit a claimant, for certain provisional purposes, to estimate his own damages. It is often a hardship for the owner of real property to have it incumbered by a mechanic's lien; but in order to free it of such lien he must make a deposit at least equal to the amount for which the claimant has filed such lien, with interest to the time of such deposit, or give an undertaking in such sum as the court or judge shall direct, not less than the amount claimed in the notice of lien. So, too, in the case of a warrant of attachment the plaintiff is allowed to seize property of the defendant to the amount which he estimates, and prima facie proves, his damages. The case cited by the plaintiff in support of its application (Matter of Niagara, Lockport & Ontario Power Co., 111 App. Div. 686, 97 N. Y. Supp. 853) is distinguishable from this. There the owner neglected and refused to state any value in her answer, and the court thereupon determined the amount to be deposited.

But even if the views above expressed are erroneous, and the court has power to set aside the owner's valuation as excessive and made in bad faith, I do not think a case of that kind is made out here. The land across which the right of way is sought is a tract of about 50 acres, as yet wholly unimproved, but located within a little more than a mile of the subway and in the line of northward progress of population of the city. A map of streets and blocks, including the tract in question, has been prepared and has been approved by the proper city authorities. The plaintiff's four track railroad will cross the property part of the way by a cut and part of the way by an embankment, in places as high as 20 feet, thus interfering, the defendants claim, with the continuation of said proposed streets. Values in the neighborhood have risen very rapidly, but have not taken on that established character which comes with improvements. Some of the factors which enter into value have not yet been determined, while the effect of others has not yet been demonstrated. It is clear from reading the affidavits that the case is conspicuously one where the experts may honestly differ very widely in their judgment, as in fact they do. It cannot be said, under such circumstances, that the defendants have intentionally or grossly or maliciously exaggerated their claim.

Other points have been urged in opposition to the motion; but, in view of the conclusion reached upon the questions discussed, it will not be necessary to consider them.

The motion is therefore denied, but without costs.